UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GLORIA WOODFORD,**
                      **Plaintiff**

                                                    Civil Action Number
**v.**                                                 3:04CV678-J

**JO ANNE B. BARNHART, Commissioner of**
  **Social Security,**
                      **Defendant**

**MEMORANDUM OPINION**

      This case presents plaintiff Gloria Woodford's challenge to the decision of the defendant Commissioner denying her claim to Disability Insurance Benefits. Plaintiff has moved to remand for consideration of new and material evidence. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the plaintiff's motion to remand should be granted.

      Ms. Woodford filed her application in July of 2002, alleging that she had been disabled since January of 2002. After a hearing, the Administrative Law Judge ("ALJ) determined that "claimant's allegations regarding her limitations are not totally credible," and that she retained the residual functional capacity to perform her past relevant work as a factory worker.

      In late 2004, following institution of this suit, Ms. Woodford underwent additional surgery on the left knee, which had been the subject of a total knee replacement in 2002. On February 8, 2005, plaintiff moved to remand for consideration of the additional evidence presented by that further surgery. She suggests that the central question presented to the ALJ

1

was whether the 2002 knee replacement did her any good, and she contends that the records of the late 2004 procedure show that the replacement joint never functioned properly; thus, she argues, the records bear directly on the primary question presented to the ALJ.

A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. The limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) new and material evidence is available; and (2) good cause exists for not first presenting the evidence to the ALJ. See Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir.1984). New evidence must indeed be new; it cannot be cumulative of evidence already in the record. See Robertson v. Shalala, 1996 WL 384542, at *3 (6th Cir. July 8, 1996). New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988).

Examination of the ALJ's opinion reveals that he discounted her credibility regarding "severity and chronicity of her symptoms" because the "record fails to reflect objective findings that support the degree of limitations she alleges." Tr. 21. The ALJ similarly discounted the opinion of Dr. Shea, her treating physician, "because these opinions are not well-supported by clinical and laboratory diagnostic techniques." He also found Dr. Shea's opinion "inconsistent with other substantial evidence," suggesting that Dr. Shea had offered contradictory opinions. Tr. 21.

The Court concludes that the evidence is "new" within the meaning of the applicable law, and that there was "good cause" for failing to earlier present the evidence. The pivotal question whether the new evidence is "material," i.e., whether there is a reasonable possibility that it

2

would have changed the outcome.  The new evidence does appear to bear on the specific issue of severity and chronicity of pain.  While pain may support a claim of disability, the claimant's subjective assertions are not sufficient.  20 C.F.R. Sec. 404.1529(a),  King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984).  Nonetheless, plaintiff's credibility is an important factor in making the determination.

If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.  Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986).  The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929(c)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).  The fact-finder must view the objective evidence and the subjective evidence together when dealing with the issue of pain.  Reducing the matter to a simple statement, the Court concludes that there is a reasonable probability that the ALJ might find that a *failed* knee replacement was capable of producing the pain of which plaintiff complains, even if he found that a successful knee replacement could not do so.

Similarly, the Court is of the opinion that the new evidence bears on the weight to be given the treating physicians' opinions.  It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight.  The

3

underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints and relate them to previous events as opposed to a consultant who sees a patient on only one occasion.  In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the Court reaffirmed the vitality of the "treating physician" rule, and reemphasized that rejection of such opinions requires a clear statement of reasons.  20 C.F.R. § 404.1527(d)(2).  The Court concludes that the new evidence offered might well have an impact on the ALJ's calculation of the weight to be given the treating physicians' opinions.

For the foregoing reasons, the plaintiff's motion to remand for further proceedings will be granted.  Since remand is necessary, it is possible that the parties will wish to explore further the question of plaintiff's need to elevate the legs during the day.